

U.S. Department of Justice

*Carmen M. Ortiz*
United States Attorney
District of Massachusetts

FILED
In Open Court
USDC, Mass.
Date 5/24/12
By Maureen Lovett
Deputy Clerk

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

April 5, 2012

Timothy Watkins, Esq.
Federal Public Defender's Office
District of Massachusetts
51 Sleeper Street, Fifth Floor
Boston, MA 02210

    Re:    United States v. Ralph F. DeLeo,
            Criminal No. 09-10391-DPW-1

Dear Mr. Watkins:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Ralph F. DeLeo ("Defendant"), in the above-referenced case. The Agreement is as follows:

    1.    Change of Plea

At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Superseding Information attached to this Agreement charging him with: RICO conspiracy in violation of 18 U.S.C. § 1962(d) and being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). Defendant expressly and unequivocally admits that he committed the crimes charged in the Superseding Information, did so knowingly, intentionally and willfully, and is in fact guilty of those offenses.

The U.S. Attorney agrees to dismiss the Indictment following the imposition of sentence at the sentencing hearing. The U.S. Attorney also agrees not to charge Defendant with attempted escape in violation of 18 U.S.C. § 751, related to his actions on May 10, 2011, in Covington, Tennessee. The U.S. Attorney also agrees not to call Defendant as a witness in the trial of this case or any criminal case which is the subject of the attached statement of facts. The U.S. Attorney also agrees not to pursue criminal charges based on conduct currently known to the U.S. Attorney against John Doe #5, John Doe #6, Jane Doe #1, and Jane Doe #2, whose identities are disclosed in a

8.04.11

separate letter to Defendant of this date.

Defendant agrees to the accuracy of the attached statement of facts, which the parties will file under seal with the Court upon execution of this Plea Agreement because it names victims and unindicted coconspirators.

2. Penalties

Defendant faces the following mandatory and maximum penalties on Count One of the Superseding Information, charging RICO conspiracy:

  (a) a maximum term of imprisonment of twenty years;
  (b) a maximum term of supervised release of three years;
  (c) a maximum fine of $250,000;
  (d) a mandatory special assessment of $100;
  (e) restitution; and
  (f) forfeiture to the extent charged in the Superseding Information.

Defendant faces the following minimum mandatory and maximum penalties on Count Two of the Superseding Information, charging felon in possession:

  (a) imprisonment for a minimum mandatory term of fifteen years and maximum term of life;
  (b) a maximum term of supervised release of five years;
  (c) a maximum fine of $250,000;
  (d) a mandatory special assessment of $100; and
  (e) forfeiture to the extent charged in the Superseding Information.

Defendant also recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3. Fed. R. Crim. P. 11(c)(1)(C) Plea

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's plea will be tendered pursuant to that provision. In accordance with Fed. R. Crim. P. 11(c)(1)(C), if the District Court ("Court") accepts this plea agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this plea agreement, the U.S. Attorney may deem the Agreement null and void. Defendant expressly understands that he may not withdraw his plea

of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Sentencing Guidelines</u>

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines:

The parties agree with respect to the application of the United States Sentencing Guidelines that:

(a) **Base Offense Level**

(1) Pursuant to U.S.S.G. § 2E1.1(a)(2), the base offense level is calculated according to the offense level applicable to the underlying racketeering activity. Pursuant to App. Note 1, each offense is treated as a separate count of conviction, with applicable Chapter Three adjustments.

(2) The underlying offenses for Guidelines purposes are Defendant's conspiracy to possess with intent to distribute cocaine and conspiracy to possess with intent to distribute marijuana (Group One); conspiracy to interfere with interstate commerce by extortion (Group Two); collection of extensions of credit by extortionate means (Group Three); and unlawful possession of firearms (Group Four). These offenses are grouped separately pursuant to § 3D1.2.

(3) <u>Group One.</u> Pursuant to § 2D1.1(c), the drug weight is combined. Defendant is responsible for two kilograms of cocaine (equivalent to 400 kilograms of marijuana) and at least 250 pounds of marijuana (equivalent to 113 kilograms), equaling a total of 513 kilograms of marijuana under the U.S.S.G. equivalency tables. Pursuant to § 2D1.1(a), the base offense level for the drug offenses is therefore **28**.

(4) <u>Group Two.</u> Pursuant to § 2B3.2, the base offense level for extortion is **18**. Pursuant to § 2B3.2(b)(1), a two level enhancement is added because the offense involved an express or implied threat of bodily injury. Pursuant to §§ 2B3.2(b)(2), no levels are added for loss amount because the parties agree that under the particular circumstances of this case, based on the existing evidence, the amount to be demanded cannot be established with sufficient certainty as to this Defendant. Pursuant to § 2X1.1(b)(2), three levels are subtracted because the conspiracy did not complete all the acts necessary for successful completion of the offense. Accordingly, the

*8.04.11*

                adjusted offense level for the extortion offense is therefore **17.**

    (5)    <u>Group Three.</u> Pursuant to § 2E2.1(a), the base offense level for collection of credit by extortionate means is **20**. No specific offense characteristics apply. Accordingly, the adjusted offense level for the collection of credit for extortionate means is therefore **20**.

    (6)    <u>Group Four.</u> Pursuant to § 2K2.1(a)(2), the base offense level for unlawful possession of firearms is **26** because Defendant possessed the firearms subsequent to sustaining at least two felony convictions of crimes of violence. Pursuant to § 2B3.2(b)(1), a four level enhancement is added because the offense involved between eight and 24 firearms. However, the cumulative offense level determined from the application of § 2B3.2(b)(1) may not exceed 29. Accordingly, the adjusted offense level for the unlawful possession of firearms is therefore **29**.

(b)    **Adjustments**

The parties agree that Defendant should receive a four level enhancement to Groups One through Three, pursuant to § 3B1.1(a), because Defendant was an organizer and leader of a criminal activity involving five or more participants.

The parties agree that Defendant should receive a two level enhancement to Groups One through Four, pursuant to § 3C1.1, because the Defendant obstructed justice by trying to escape from custody, on May 10, 2011, before trial or sentencing.

(c)    **Grouping**

    (1)    The parties agree that, pursuant to § 3D1.4, each group is counted separately and that Group One is adjusted offense level **34**; Group Two is adjusted offense level **23**; Group Three is adjusted offense level **26**; and Group Four is adjusted offense level **31**. Group One, the most serious group, counts as one Unit. Group Two, which is more than eight levels less serious than Group One, is disregarded. Group Three, because it is five to eight levels less serious than Group One, is counts as one-half Unit. Group Four, because it is one to four levels less serious than Group One, counts as one Unit. The parties therefore agree that Defendant is responsible for two and one-half Units, which results in an additional three offense levels to Group One.

    (2)    The parties agree that, pursuant to the U.S.S.G. grouping principles,

*8.04.11*

and prior to any reduction for acceptance of responsibility, Defendant's Adjusted Offense Level is **37**.

(d) **Acceptance of Responsibility**

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case. Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney may, at her sole option, be released from her commitments under this Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing, Defendant:

(1) Fails to admit a complete factual basis for the plea;

(2) Fails to truthfully admit his conduct in the offenses of conviction;

(3) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

(4) Fails to provide truthful information about his financial status;

(5) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3, notwithstanding the U.S. Attorney's agreement in Section 1 not to call Defendant as a witness;

(6) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(7) Intentionally fails to appear in Court or violates any condition of release;

(8) Commits a crime;

(9) Transfers any asset protected under any provision of this Agreement; or

(10) Attempts to withdraw his guilty plea.

(e) **Criminal History**

The parties agree that, pursuant to 18 U.S.C. § 924(e) and USSG § 4B1.4, Defendant is an armed career criminal. The parties further agree that, pursuant to USSG §4B1.4(c)(3), Defendant's criminal history category is VI, because Defendant possessed a firearm as defined in 26 U.S.C. § 5845, to wit a silencer.

(f) **Departure from the Guidelines**

The parties agree to apply a one level downward departure to Defendant's Adjusted Offense Level because, in the parties' view, application of the two level enhancement for obstruction of judgment would produce an anomalous result in this case. Accordingly, with credit for acceptance of responsibility, Defendant's Total Offense Level is **33**. At Criminal History Category VI, Defendant's advisory Guidelines Sentencing Range is 235 to 293 months.

5. Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

(a) a term of incarceration between 210 and 235 months;

(b) a fine in the amount of $50,000;

(c) 36 months of supervised release;

(d) a mandatory special assessment in the amount of $200; and

(e) forfeiture as set forth in Paragraph ~~11~~ [handwritten: 10 & 11] [initials]

The parties agree that, pursuant to U.S.S.G. § 5G1.3(b), the Court should adjust the sentence for any period of imprisonment already served by Defendant in United States v. Ralph DeLeo, et al., Cr. No. 09-00305-02-JLH (E.D. Ark.) if the Court determines that such period of imprisonment will not be credited to the instant sentence by the Bureau of Prisons.

6. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

8.04.11

7. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

    (a)    Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000;

    (b)    Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $2,500 per month; and

    (c)    Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Superseding Information are satisfied in full.

Defendant further agrees that, prior to sentencing, Defendant will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

8. <u>Post-Sentencing Events</u>

    (a)    In the event that Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court.

    (b)    If Defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing, except to the extent that he has been found actually factually innocent of a prior crime. Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing unless he has been found actually factually innocent of that prior crime.

    (c)    In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence

agreed to by the parties in this Agreement. Furthermore, Defendant waives any right Defendant may have under 18 U.S.C. §3582 to ask the Court to modify the sentence, even if the Sentencing Guidelines are later amended in a way that appears favorable to Defendant.

9. <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.

10. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, assets used to facilitate his offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

(a) one 2004 Lexus RX330, bearing Vehicle Identification Number JTJHA31U040013983, seized from 17 Russell Street, Somerville, MA, on November 16, 2009;

(b) one Intratec .22 caliber pistol, serial number 005928, and two magazines, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(c) one Beretta 9 mm pistol, serial number F74606, one silencer affixed thereto, and one magazine, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(d) one Mossberg 12 gauge shotgun, serial number L759085, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(e) one Ruger .22LR caliber rifle, serial number 23695108, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(f) five "45 AUTO" bullets seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(g) one Kimber .45 caliber pistol, serial number KR05447, and one magazine, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(h) one Browning Arms Company .22LR caliber rifle, serial number 655NX05124, and one magazine, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(i) nine "45 AUTO" bullets, seized from 128 Arlington Street, Watertown, MA, on

December 3, 2009;

(j) one Kimber .45 caliber pistol, serial number KU24667, and one magazine, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(k) one Ruger .22LR caliber rifle, serial number 22470558, and two magazines, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(l) one Mountain Eagle .22LR caliber rifle, serial number M691222369, and one magazine, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(m) one Ruger .22LR caliber pistol, serial number 22522207, and one magazine, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(n) one Kimber .45 caliber pistol, serial number K050061, one magazine, and one gun tool, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(o) eight magazines and three Ruger magazines, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(p) five loose bullets seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(q) twenty-six rounds of .357 Magnum 100 GR jacketed HP Winchester ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(r) twenty rounds of .25 Auto 230 Gr. FMJ PMC ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(s) fifty rounds of Winchester .357 Magnum 158 Gr. Jackets S.P. ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(t) forty-one rounds of .38 Special Federal Premium 125 Gr. Hollow Point ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(u) six rounds of .38 Super Auto+P Winchester ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(v) forty-one rounds of .40 caliber S+W 180 Gr. TMJ Cleanfire CCI Blazer ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(w) thirty-eight rounds of .38 caliber Winchester Super Auto+P 130 Gr. Full Metal Jacket ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(x) forty-six rounds of .38 Special caliber 158 Gr. L-RN CCI Blazer ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(y) forty-two rounds of .22LR caliber subsonic rimfire cartridges, fifteen rounds of .380 Auto Hydra Shock jacketed Federal ammunition, and two spent cartridges, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(z) fifty rounds of Super SE Extra Aguila 22 long rifle ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(aa) ninety-nine rounds of .22 long rifle Mini Mag CCI ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(bb) eighty rounds of .22 LR CCI Green Tag competition ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(cc) ninety rounds of .22 LR CCI Green Tag competition ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(dd) fifty rounds of .22 Long rifle SGB (small game bullet) ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(ee) thirty-six rounds of .22 long rifle "subsonic" ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(ff) fifty rounds of .22 long rifle "subsonic" ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(gg) thirty-three rounds of .380 Auto Full Metal Case "Made in USA" ammunition, and one spent cartridge, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(hh) forty-four rounds of .380 Auto Full Metal Case "Made in USA" ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(ii) forty-nine rounds of Remington Nitro 27 Handicap ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(jj) two rounds of Federal Maximum load "00" buck ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(kk) twelve rounds of Winchester .357 ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009;

(ll) six rounds of WW Super .44 Rem Mag ammunition, seized from 128 Arlington

Street, Watertown, MA, on December 3, 2009;

      (mm) six rounds of Federal .38 Special ammunition, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009; and

      (nn) twenty rounds of .22 Long Rifle ammunition, and one empty magazine, seized from 128 Arlington Street, Watertown, MA, on December 3, 2009.

    Defendant admits that these assets are subject to forfeiture on the grounds that they were acquired or maintained in violation of 18 U.S.C. § 1962, they constituted, or were derived from, proceeds which Defendant obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of 18 U.S.C. § 1962, or they were involved in Defendant's violation of 18 U.S.C. § 922(g)(1). Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

    Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

    Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review.

    Defendant hereby waives and releases any claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases his claims to the following property seized by, or turned over to, the Federal Bureau of Investigation as to which, Defendant hereby acknowledges, Defendant received actual notice of administrative or civil judicial forfeiture proceedings: one 2004 Lexus RX330, bearing Vehicle Identification Number JTJHA31U040013983, seized from 17 Russell Street, Somerville, MA, on November 16, 2009.

The United States and the Defendant agree that the United States shall not seek forfeiture of the following property, and that $10,000 of the funds described below shall be paid directly to the Clerk for the United States District Court for the Eastern District of Arkansas to satisfy an outstanding fine and/or penalty against the Defendant, with the remainder of the funds described below paid to the Clerk for the United States District Court for the District of Massachusetts toward satisfaction of the fine and penalty imposed in this matter. Defendant expressly agrees to such payment and shall assist fully in the agreed upon payments of the funds, including but not limited to executing any and all documents necessary to transfer such title. Further, Defendant hereby waives any and all claims arising from or relating to the seizure, detention, and return of the funds described below.

(a) $506.00 seized from 12 Hathorn Street, Somerville, MA, on November 16, 2009;

(b) $41,262.17 seized from 17 Russell Street, Somerville, MA, on November 16, 2009; and

(c) $5,000 seized from Ralph Deleo on November 16, 2009.

11. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

12. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of Defendant's conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

13. Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

14. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraph 4(d)(1)-(10), has violated any condition of his pretrial release, or has committed any crime following Defendant's execution

of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against the Defendant and/or others, and/or which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

15. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

16. Complete Agreement

This letter contains the complete agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Timothy E. Moran.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
JAMES F. LANG
Chief, Criminal Division

8.04.11

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Ralph F. DeLeo
Defendant

Date: 5.24.12

I certify that Ralph F. DeLeo has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Timothy Watkins
Attorney for Ralph F. DeLeo

Date: 5/24/2012