UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) No. 09-10391-DPW |
| | ) |
| RALPH F. DELEO, | ) |
|   Defendant. | ) |

## GOVERNMENT STATUS REPORT

The United States, by and through Assistant United States Attorneys Nathaniel R. Mendell and Jennifer H. Zacks, submits this status report regarding the defendant's pending motion, filed pursuant to 18 U.S.C. §3582.  The government has provided a draft of this report, including the government's recommendation to defense counsel, who will need two additional weeks to allow them to consult with their client.

    **a.**    **The defendant's eligibility for a reduction of sentence in accordance with 18 U.S.C. §3852.**

    **1.**    **Procedural background.**

The defendant was charged with racketeering, in violation of 18 U.S.C. §1962(d) and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1).  He pled guilty pursuant to a binding plea agreement pursuant to Fed. R. Cr. P.  11(c)(1)(C) in which the parties agreed that the defendant was an armed career criminal and further agreed to recommend a sentence between 210 and 235 months.  The presentence report ("PSR") grouped

the offenses into four groups and scored them as follows: Group One (extortion) adjusted offense level: 26; Group Two (extortion conspiracy) adjusted offense level 24; Group Three (marijuana and cocaine conspiracy), based on responsibility for between 400 and 700 kilograms of marijuana equivalency, adjusted offense level 34; Group Four (felon in possession) adjusted offense level 31.  The combined offense level for all four counts was 37.  The presentence report determined that the defendant qualified as an armed career criminal ("ACC") pursuant to 18 U.S.C. §924(e) and USSG §4B1.4.   The offense level generated by the grouping rules (37) was higher than the otherwise-applicable ACC offense level (34) and, therefore, applied.  After subtracting three levels for acceptance of responsibility, the defendant's total offense level ("TOL") was 34.  Under the armed career criminal guideline, the defendant was in criminal history category ("CHC") VI.

The Court adopted the PSR's guideline calculations and found that the defendant's guideline sentencing range ("GSR") was 262 to 327 months.   D.183. The Court imposed a below-guidelines sentence of 199 months, which accorded with the sentencing range in the binding plea agreement, including a 36-month credit for time previously on a state sentence.  D.183.

The defendant is currently scheduled to be released on October 2, 2025.

### 2. The defendant's eligibility for relief.

The defendant is ineligible for a reduction in his sentence because he previously received a sentence below the bottom of the now-amended GSR. As the First Circuit has held, on a §3582 resentencing, the Court cannot reduce a sentence to a term less than the amended GSR, whether or not the original sentence included a downward departure or variance. The only exception – which is inapplicable in this case – is where the defendant received a substantial assistance departure. *See United States v. Hogan*, 722 F.3d 55, 62 (1st Cir. 2013)("Pursuant to §1B1.10(b)(2)(A), a court cannot reduce a defendant's sentence under '18 U.S.C. §3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)'").[1]

### b. Revised Guideline Calculation.

The revised grouping calculations are as follows: Groups One, Two, and Four are unchanged, with adjusted offense levels of 26, 24, and 31 respectively. Group Three, the drug offenses, is reduced to an adjusted offense level of 32. Under the grouping rules, the total adjusted offense level is 35 and, with a three-level reduction for acceptance of responsibility, the total offense level is 32. The defendant is in CHC VI, so his adjusted GSR is 210 to 262 months.

---

[1] In addition, the defendant is ineligible for a reduction as the sentence in the binding C plea was insufficiently tied to a guideline sentencing range. *See Freeman v. United States*, 131 S. Ct. 2685 (2011) (Sotomayor, J., concurring).

**c.     Sentencing recommendation.**

The defendant is not eligible for a reduction in his sentence.

**d.     Whether a hearing is required.**

No hearing is required.

**e.     Earliest projected release date based on the low end of the revised guideline calculation.**

The projected date of release is unchanged.

**f.     Proposed briefing schedule on contested issues.**

No further briefing is required.

**g.     Whether a transcript is required.**

The sentencing transcript has been prepared.

**h.     Plea agreement.**

The government moves that the Court waive the requirement that the plea agreement be appended to this joint status report.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Jennifer H. Zacks
Nathaniel R. Mendell
Jennifer H. Zacks
Assistant U.S. Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
617-748-3109
DC Bar No. 431747
jennifer.zacks@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                        /s/ Jennifer Hay Zacks
                                        JENNIFER HAY ZACKS
                                        Assistant United States Attorney

Date:  November 20, 2015