UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| | ) | CRIMINAL NO. |
| v. | ) | 09-10391-DPW |
| | ) | |
| RALPH F. DELEO, | ) | CIVIL ACTION NO. |
| | ) | 15-13152-DPW |
| Defendant/Petitioner. | ) | |

MEMORANDUM & ORDER
March 31, 2016

Following affirmance of his conviction on direct appeal, *United* States v. *DeLeo*, No. 12-2440 (1st Cir. June 3, 2014), two distinct motions filed by the defendant/petitioner cognizable under 28 U.S.C. § 2255 remain before me. In one [Dkt. No. 219], defendant/petitioner appears to challenge his conviction on grounds his Rule 11 plea was not knowing or voluntary. In the other [Dkt. Nos. 298 and 318], he seeks to reduce his sentence. I find neither form of relief appropriate and I will deny both motions.

With respect to the conviction challenge reflected in Dkt. No 219, the record makes clear that the defendant/petitioner, after extended proceedings before me, ultimately chose knowingly and voluntarily to enter an agreed upon plea under Fed. R. Crim. P. 11(c)(1)(C) resolving his substantial exposure for criminal activity. I personally observed the petitioner initial the plea agreement he claims involved a forgery of his signature. I found his plea knowing and voluntary at the time. His § 2255 challenge to the plea here was effectively

resolved by the summary disposition of his direct appeal, in which the First Circuit found that there was no showing of a clear and obvious error in the conduct of the plea colloquy and acceptance of the plea.  I find the forgery dimension added to his claim at best meretricious and perhaps perjurious.  I DENY that motion.

With respect to the sentence challenge reflected in Dkt. Nos. 298 and 318, even if I had authority to reduce the sentence below the amended guideline sentencing range — a proposition about which I am dubious — I would decline to do so.  The sentence in this case was the result of careful calibration on my part regarding the several goals of 18 U.S.C. § 3553.  Amendment 782 does not cause me to change my views regarding the sentence I imposed which was within the range the parties agreed upon.  I will DENY that motion as well.

       */s/ Douglas P. Woodlock*_____
       DOUGLAS P. WOODLOCK
       UNITED STATES DISTRICT JUDGE