UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RALPH FRANCIS DELEO,
Defendant

v.  Case No. 09-10391-DPW

UNITED STATES OF AMERICA

AMENDMENT TO VACATE DEFENDANT'S CONVICTION
AND SENTENCE PURSUANT TO 28 U.S.C. §2255

Defendant, Ralph Francis DeLeo, states:

The grounds for this amendment to vacate his conviction and sentence are based on a new Supreme Court Ruling of constitutional law, that was previously unavailable; Luis v. United States, 2016 BL 98101, U.S., No. 14-419, (March 30, 2016). In relavant parts, the government cannot freeze a defendant's untainted assets if that pretrial lockdown effectively prevents him/her from hiring a lawyer. The Court considers the wrongful deprivation of the right to counsel a "structural" error that affects the framework within which the trial proceeds.

The Sixth Amendment right to counsel grant's a defendant " a fair opportunity to secure counsel of his own choice." Powell v. Alabama, 287 U.S. 45, 53; that he "can afford to hire," Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 624.

1.

2.

Here, defendant's property was untainted, it belonged to the defendant. On November 16, 2009, agents of the Boston FBI office arrested the defendant on a complaint from the United States Attorney's office in Little Rock, Arkansas, and seized $50,000.00 and asset's.

The defendant in this case remained in highly restrictive pretrial lockdown, in isolation 23 hours a day for three years, until his conviction in the United States District Court for the Eastern District of Arkansas-Little Rock, case No. 09-CR-00305-JLH, and subsequent involuntary guilty plea before this court.

At that point, the U.S. Attorney's office in Boston, released the untainted funds and asset's, simply to secure moneary penalties in both jurisdictions.

The U.S. Attorney's office in Boston by seizing untainted asset's in violation of the defendant's Sixth Amendment, created " structural" errors in the trial proceedings in case No. 4:09-CR-00305-JLH, and using that case as the predicate act to lodge a RICO indictment against the defendant, subsequently creating also a "structural" error in this case. Thereby, in this exceptional case the government simultaneously denied the defendant "a fair opportunity to secure counsel of his choice." in both jurisdictions.

The Supreme Court in Luis v. United States, 2016 BL 98101, U.S., No. 14-419 (March 30 2016); has ruled that in Gideon v. Wainwright, 372 U.S. 335 (1963) at 344; "that we have considered the wrongful deprivation of the right to counsel a 'structual'

error that so affec[ts] the framework within which the trial proceeds that courts may not even ask whether the error harmed the defendant." United States, v. Gonzalez-Lopez, 548 U.S. 140, 148 (2006) see Id,, at 150.

## CONCLUSION

Based on other evidence in the defendant's original §2255, and new ruling of constitutional law, the defendant's plea agreement should be vacated or an evidentiary hearing be granted.

April 11, 2016,

Respectfully submitted,

*Ralph F. DeLeo*

Ralph Francis DeLeo,
#36950-133
FCI Allenwood Medium
P.O. Box 2000
White Deer, PA 17887

CERTIFICATE OF SERVICE

I hereby certify that I have mailed the original amendment to vacate defendant's conviction and sentence pursuant to 28 U.S.C. §2255, petitione to Sarah A. Thomton, Clerk, and to Assistant U.S. Attorney, Timothy Moran, on this day, April 11, 2016.

Sarah A. Thomton
Office of the Clerk
U.S. District Court
J.J. Moakley Courthouse
One Courthouse Way
Boston, MA 02210

Timothy Moran
AUSA
J.J. Moakley U.S. Courthouse
One Courthouse Way
Suite 9200
Boston, MA 02210

*Ralph F. DeLeo*
Ralph Francis DeLeo