IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA

    v.                                  Case 1-09-cr-10391-FDS

RALPH DELEO,
      Defendant.

## MOTION TO MODIFY

### Preliminary

    Defendant, Ralph DeLeo, by his counsel, Kevin L. Barron, Esq., respectfully moves the Honorable Court, over government objection, for modification of the Court's June 30, 2024 Order (Doc. 511) and allowing defendant release on conditions to complete dental surgery should the government fail to begin providing needed dental care within seven days of entry of the order requested.

    Defendant brings this motion after eight weeks of waiting for the government to resume urgent dental surgery after providing extensive medical records and making the appropriate requests to USMS Detention Management and the government. When arrested, defendant was on a course of reconstructive dental surgery, described by his oral surgeon as "a full mouth rehabilitation plan", leaving defendant vulnerable to breakage of implants, infections and unable to chew properly. See, sealed Ex. O, narrative of Dr. Huang, discussed infra.

This week, the government has informed defendant of its willingness to provide dental surgery. Defendant waited yesterday to file this motion pending information on a specific plan of action. As of this writing, the government is still reviewing information and has been unable to make specific commitments.

Defendant's circumstances have changed due to the particulars of incarceration and potentially changing custody from USMS to BOP. Should defendant be found liable and sentenced to BOP, dental work would be either delayed more months during designation and transport or would be interrupted and delayed again. Furthermore, there is no guarantee that defendant would receive timely care in a BOP medical facility.

## FACTS

Mr. DeLeo was receiving a course of extensive, ongoing dental surgery before he was arrested and detained in USMS custody this May 15. See, sealed Ex. O (Doc. 500-15), June 26, 2025 Medical Narrative and photographs by Dr. Huang, Harvard School of Dental Medicine, sealed Ex. J (Doc. 500-14), June 13, 2025 Dental Treatment Record with X-Rays by Lagina Bickham, DMD, for DW Wyatt Detention Facility. He reports he had already paid upwards of $15,000.00 for the procedure. The surgery included "a full-mouth rehabilitation plan . . . of six dental implants

in the maxillary arch and five in the mandibular arch, followed by crowns and fixed bridges." Sealed Ex. O.

That the completion of dental surgery is urgent and life threatening cannot be disputed. As Dr. Huang writes:

> Interrupting or significantly delaying Mr. DeLeo's care at this stage places him at risk for serious complications. These include worsening infection, fracture of the brittle temporary bridges, tooth loss, implant failure, and development of peri-implantitis or other conditions requiring emergency intervention.

Sealed Ex. O.

Defendant and his family have informed the government, USMS and/or Wyatt Detention in writing of the need to provide dental surgery and other medical care on the following dates: May 16, May 21, June 2, June 10, June 13, June 24 and June 27, July 3, 2025. Counsel and the defendant's family have provided extensive medical records and communicated directly with the Wyatt Detention Infirmary physician and staff.

Defendant and his family report that USMS has so are failed to provide the necessary dental care because of cost (even if willing to provide it at some future date). The work is partially complete but critical procedures remain.

> At present, Mr. Deleo is wearing provisional acrylic bridges in both arches. He underwent implant placement and bone grafting in the lower arch on April 30, 2025, with follow-up care on May 9, 2025. However, several critical phases of treatment remain incomplete, including suture removal, healing evaluation, upper arch implant surgery, and final prosthodontic restorations.

3

Sealed Ex. O.

## ARGUMENT

Mr. DeLeo raises a claim of Constitutional magnitude that this Court can address indirectly through release on conditions as other courts have. It should be noted that the government has always had the alternative of keeping Mr. DeLeo in custody and bringing him to his dental surgeons by USMS detail. If the government continues to refuse, then Mr. DeLeo should be allowed temporary release on conditions to get the medical care he needs.

In this District, the failure to provide necessary oral surgery, despite a prisoner's repeated complaints, stated a §1983 Eighth Amendment claim against supervisory officials for deliberate indifference to the prisoner's medical needs. *Sepulveda v. UMass Correctional Health*, 160 F.Supp.3d 371 (D.Mass. 2016) (Burroughs, J.) (state prisoner showing deliberate indifference to his acute dental pain). See, also, *Villanueva v. Franklin County Sheriff*, C.A. No. 11-cv-30045-MAP (allegations of four weeks' severe pain from dental abscess, jail officials and medical staff having actual knowledge, repeated complaints to correctional officers and nurses, filing official grievances, family contacting superintendent and medical director where no officials or staff gave inmate medical

treatment stating sufficient claims against officials for violating the Massachusetts Civil Rights Act. § 11I).

While the Court may not have specific power to order the government and/or USMS to provide specific medical treatment, it can order defendant's release on conditions to complete dental work at defendant's own expense, should the government fail to do so. See, e.g., *United States v. Melvin Lloyd Richards*, 105 F Supp 2d 256 (SDNY 2000). In *Richards*, defendant moved while awaiting sentencing for an order directing BOP to give him immediate dental care at his detention center or, alternatively, defendant renewed his bail request and asked to be released so that he could obtain the dental care on his own. *Id.* Like Mr. DeLeo, Richards asked to complete the bridge and implant work that he had commenced before he was convicted and offered to pay for the work himself. *Id.* After hearing, the *Richards* court found that "Richards needs significant treatment urgently". *Id.* at 257.[1] The court also found that the Bureau of Prisons had failed to provide any significant care even after court intervention, similar to USMS's eight weeks of inaction in this case. *Id.*

The *Richards* court went on to reject the government's Eighth Amendment argument that a lower level of care was

---

[1] The government had made an unavailing argument that it would pull Richards teeth and give him dentures.

5

sufficient. *Id.* at 257 - 258. While the parties could find no precedent in point, the court found persuasive that other districts had furloughed prisoners under 18 USC §3622(a)(3) for "obtaining medical treatment not otherwise available". *Richards, supra* at 358 citing *Bartling v. Ciccone*, 376 F.Supp. 200, 204 (W.D.Mo.1974) (dental surgery nearly identical to Mr. DeLeo's) and *Prushinowski v. Hambrick*, 570 F.Supp. 863, 869 (E.D.N.C.1983) (granting medical furlough to federal inmate to obtain, at his own expense, an additional medical opinion as to his physical and psychological condition).

Finding "exceptional circumstances", the *Richards* court ordered the Bureau of Prisons to complete the implant and bridge treatment and begin the treatment within one week. *Id.* at 258. If BOP was unable or unwilling to comply, it was to furlough Richards within ten days of the order to obtain private dental treatment at his own expense or, alternatively, the Court would release Richards on bail to obtain the dental treatment on his own. *Id.*

Of course the government could argue that Mr. DeLeo's medical distress is not so advanced as Richards. After all, Richards had suffered two infections, lost two teeth and two dental screws, with one loose bridge and another bridge missing. *Id.* at 257. Such an argument would not avail the government because there is nothing to indicate that Richards suffered from

6

a serious chronic illness like leukemia that made infections life threatening, nor was Richards 82 with other complications like an aortic aneurysm.

Simply, USMS could bring Mr. DeLeo to Harvard School of Dental Medicine with a USMS detail to finish the remaining procedures Dr. Huang describes in his narrative. Sealed Ex. O. Defendant would remain in USMS custody for the completion of the work.

## CONCLUSION

For the reasons set forth above, this motion should be granted.

Dated:  July 11, 2024  
                                                    Respectfully submitted,  
                                                    RALPH DELEO, defendant,  
                                                    By his counsel,  
                                                    /s/Kevin L. Barron  
                                                    Kevin L. Barron, Esq.  
                                                    P.O. Box 290533  
                                                    Charlestown, MA 02129  
                                                    (617) 407-6837

## CERTIFICATE OF SERVICE

Counsel certifies that he has caused a true copy of this document to be served today on the attorneys for all the parties through CM/ECF and that no party requires service by other means.

                                                    /s/Kevin L. Barron