UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
v.                                   )            1:09-cr-10391-SDN-1
                                     )
RALPH F. DELEO,                      )
                                     )
            Defendant.               )

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter comes before the Court on Defendant Ralph DeLeo's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 546. Mr. DeLeo seeks relief based on serious medical conditions, "including an often fatal congenital heart condition, a compromised immune system with increased risk of fatal infection and [an] unfinished dental surgery causing further risk of infection, discomfort and interference with nutrition," and leukemia. *Id.* at 2–3. In response, the Government contends Mr. DeLeo has failed to establish "extraordinary or compelling reasons" for release as required by statute, and that the sentencing factors contained in 18 U.S.C. § 3553(a) "compel his continued incarceration." ECF No. 553 at 1–2. For the following reasons, Mr. DeLeo's motion for compassionate release is **DENIED without prejudice**.

## BACKGROUND

### I.      Procedural History

On November 21, 2012, Mr. DeLeo was sentenced on one count of racketeering and one count of being a felon in possession of a firearm, consisting of 199 months of incarceration to be followed by 36 months of supervised release. ECF No. 183. On May 28, 2024, Mr. DeLeo was released from custody and began serving his term of supervised

1

release. *See* ECF No. 478 at 2. On May 15, 2025, law enforcement officers rearrested Mr. DeLeo for violating the conditions of his supervised release, specifically making false statements to federal law enforcement officers, associating with persons convicted of felonies, and unlawful possession of a controlled substance. ECF No. 553 at 2.

On September 27, 2025, Mr. DeLeo entered into an agreement with the Government to admit to the violations for making false statements to law enforcement officers and associating with persons convicted of felonies. ECF No. 542 at 1. The parties jointly agreed to recommend a term of twenty-four months of imprisonment, followed by twelve months of supervised release. *Id.* at 2. On October 3, 2025, the Court imposed a judgment of revocation of twenty-four months of incarceration, consistent with the parties' agreement. ECF No. 543. At sentencing, the Court granted Mr. DeLeo's request to recommend the Bureau of Prisons delegate him to Federal Medical Center ("FMC") Devens in Massachusetts due to his numerous health conditions. *See* ECF No. 541. Despite the recommendation, the Bureau of Prisons instead designated Mr. DeLeo to FMC Butner in North Carolina to serve his sentence.

On February 10, 2026, Mr. DeLeo moved for compassionate release, seeking release to home confinement in Boston, Massachusetts, to allow for closer proximity and access to medical care through his established providers at Massachusetts General Hospital and the Harvard School of Dental Medicine. ECF No. 546 at 2; *see id.* at 3–5 (detailing Mr. DeLeo's history of medical treatment and consultations with providers in the Boston area). Mr. DeLeo contends he is being denied access to critical medical care due to a "practical but dangerous tactic of delay in response to repeated requests for treatment of a constellation of life-threatening illnesses." *Id.* at 1–2. In response, the Government asserts Mr. DeLeo is receiving adequate medical care for his heart condition

(aortic aneurysm) and leukemia while incarcerated at FMC Butner. ECF No. 553 at 6–8. Additionally, the Government contends that even if Mr. DeLeo could establish compelling reasons for release based on a denial of necessary medical care—which it maintains he cannot—the Court's consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), including Mr. DeLeo's criminal history and the danger to the community, weigh against granting compassionate release. *Id.* at 10–11.

## II.    April 9, 2026, Hearing

On April 9, 2026, the Court conducted a remote hearing on Mr. DeLeo's motion for compassionate release and heard testimony from Bureau of Prisons ("BOP") physician Dr. Fine Song, who serves as Mr. DeLeo's primary physician at FMC Butner. Dr. Song testified that since his incarceration, Mr. DeLeo's heart condition has worsened, including the discovery of acute aortic stenosis on December 10, 2025. Dr. Song also testified that due to administrative error, the prior imaging and examination of Mr. DeLeo's heart was conducted at an incorrect location and thus proved inadequate, producing only partial images for medical review. Accordingly, BOP medical staff scheduled a follow-up imaging appointment for April to obtain complete results and determine an appropriate course of treatment. Dr. Song testified that based on these results, Mr. DeLeo's medical providers would recommend either surgery or potentially less invasive treatment options. In response to the Court's questions, Dr. Song testified that should Mr. DeLeo's heart condition require surgery while he remains at FMC Butner, nearby Duke University hospital, a renowned medical facility, has the capacity to perform the procedure and would prioritize the surgery consistent with the urgency of Mr. DeLeo's condition.

Following the hearing, the Court issued an order reserving decision on the merits of Mr. DeLeo's motion for compassionate release pending receipt and review of the final

medical imaging results by counsel and the Court. ECF No. 575. The parties have each submitted sealed updates regarding Mr. DeLeo's medical condition and related follow-up care, *see* ECF Nos. 579 & 582, which the Court has reviewed and considered in resolving Mr. DeLeo's motion for compassionate release.

## DISCUSSION

### I.    Legal Standard

District courts lack the inherent authority to modify a term of imprisonment and generally require a statutory exception to alter a previously imposed sentence. *See* 18 U.S.C. § 3582(c); *United States v. Harvey*, 20 F.4th 71, 75–76 (1st Cir. 2021). One such exception is 18 U.S.C. § 3582(c)(1)(A), which permits a court to consider a motion for compassionate release initiated by an incarcerated individual who has fully exhausted their administrative remedies.[1] *See* 18 U.S.C. § 3582(c)(1); *United States v. Hodges*, No. 23-cr-00048, 2025 WL 1796098, at *4–5 (D. Me. June 30, 2025) (noting administrative exhaustion is a mandatory procedural requirement for bringing a motion under 18 U.S.C. § 3582(c)(1)(A)).

Once a movant satisfies the exhaustion requirement, a court may modify a term of imprisonment if: (1) "extraordinary and compelling reasons" justify a reduction in sentence; (2) the reduction is consistent with the United States Sentencing Commission's current policy statement; and (3) early release is consistent with the sentencing factors

---

[1] Exhaustion is satisfied upon the earlier of: (1) "the defendant . . . exhaust[ing] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf"; or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

listed in 18 U.S.C. § 3553(a).[2] 18 U.S.C. § 3582(c)(1)(A); *see United States v. Duluc-Méndez*, 156 F.4th 55, 60 (1st Cir. 2025). Regarding the third step, the statutory factors in 18 U.S.C. § 3553(a) "need only be addressed if the court finds an extraordinary and compelling reason favoring release." *United States v. Saccoccia*, 10 F.4th 1, 8 (1st Cir. 2021). The movant has the burden to show that extraordinary and compelling reasons exist. *See United States v. Galiany-Cruz*, No. 22-1196, 2023 WL 6458535, at *1 (1st Cir. June 6, 2023) (citing *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021)).

The statute itself does not define "extraordinary and compelling reasons." Instead, it directs courts to the Sentencing Commission's current policy statement for the proper considerations. *See* 18 U.S.C. § 3582(a)(1)(A); U.S.S.G. § 1B1.13(b) (policy statement). Under the relevant policy statement, "extraordinary and compelling reasons" exist where the defendant is (1) "suffering from a serious physical or medical condition," (2) "suffering from a serious functional or cognitive impairment," or (3) experiencing deteriorating physical or mental health because of the aging process," which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). Additionally, exceptional and compelling reasons exist where a "defendant is suffering from a medical condition that requires long-term or specialized medical care *that is not being provided* and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C) (emphasis added).

---

[2] The 18 U.S.C. § 3553 factors include the nature and circumstances of the offense, the defendant's history and personal characteristics, the Sentencing Commission's "pertinent policy statement," the sentencing range for the incarcerated offense, and the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as to deter criminal conduct and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

## II.    Analysis

Mr. DeLeo argues his numerous medical conditions[3] and the BOP's purported delay in providing adequate medical care since being transferred to FMC Butner constitute "extraordinary and compelling reasons" necessitating his release. Specifically, Mr. DeLeo contends that release to home confinement is necessary based on the "BOP's failure to respond to his urgent medical needs." ECF No. 546 at 2. In his motion, and during the April 2026 hearing, Mr. DeLeo and counsel expressed concerns regarding his designation to FMC Butner in North Carolina, placing him "farther than ever from the specialized care he was set to obtain in Boston" prior to his arrest. *Id.* In support of this argument, the defense argues that the seriousness and complexity of his medical conditions necessitate continuity of care with the same medical providers as prior to his arrest, an idea he asserts multiple BOP medical professionals support. *Id.* at 9.

At this juncture, the Court finds the record does not support a finding of "extraordinary and compelling reasons" justifying relief in the form of home confinement, as Mr. DeLeo is able to receive all necessary medical care while incarcerated at FMC Butner from the nearby Duke University Hospital. During the April 2026 hearing, BOP physician Dr. Song testified regarding multiple physician visits and examinations regarding Mr. DeLeo's ongoing medical conditions, particularly his acute aortic stenosis. Dr. Song also testified that Duke University hospital has the capacity to perform any surgery required by Mr. DeLeo's heart condition and would prioritize surgery according

---

[3] Mr. DeLeo represents that he suffers from a myriad of serious medical conditions, "including an often fatal congenital heart condition, a compromised immune system with increased risk of fatal infection and [an] unfinished dental surgery causing further risk of infection, discomfort and interference with nutrition," and leukemia. ECF No. 546 at 2–3. The court has no reason to discount these assertions.

to the urgency demanded by the severity of his condition. Regarding Mr. DeLeo's diagnosis of leukemia, the record demonstrates that he is receiving adequate treatment, consisting of taking a daily pill, by staff at FMC Butner. *See* ECF No. 553 at 8; ECF No. 546 at 6. Accordingly, the Court finds that Mr. DeLeo has not carried his burden to demonstrate that he is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided," U.S.S.G. § 1B1.13(b)(1)(C), as Duke University hospital—a renowned hospital and medical facility—can provide any necessary long-term or specialized medical care.

For similar reasons, the Court concludes Mr. DeLeo has failed to meet his burden to demonstrate that he is suffering from a serious physical or medical condition or otherwise experiencing "deteriorating physical or mental health because of the aging process" that "substantially diminishes" his ability "to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). The Court accepts that Mr. DeLeo has serious medical conditions but still concludes he has not sufficiently alleged an inability to provide self-care while incarcerated, and chronic or serious medical conditions alone are insufficient to justify compassionate release. *See, e.g.*, *United States v. Ortiz-Cruz*, CR No. 23-430, 2025 WL 289200, at *3–4 (D.P.R. Jan. 23, 2025) (concluding that defendant's chronic asthma and various physical disabilities were not medical conditions that prevented self-care or justified compassionate release). While the Court recognizes and appreciates Mr. DeLeo's desire for the continuity of his medical care with doctors located in Boston, the Court concludes the record demonstrates that Mr. DeLeo can receive sufficient—albeit not his preferred—medical care at Duke University Hospital. *See, e.g.*, *United States v. Gates*, CR No. 18-10374, 2020 WL 2747851, at *2 (D. Mass. May 27,

2020) (noting that while BOP "bears responsibility to provide adequate medical care," the "specific medical treatment required or appropriate" is not a matter within the court's jurisdiction); *United States v. Gadson*, No. 19-cr-00122, 2025 WL 1000991, at *12–13 (D. Me. Apr. 3, 2025) (denying motion for compassionate release where petitioner failed to establish he was not "currently receiving adequate care" for alleged respiratory issues).

Because the Court concludes no extraordinary or compelling reasons justify release, it need not address the third prong of the compassionate release statute regarding the 18 U.S.C. § 3553(a) factors. *See Saccoccia*, 10 F.4th at 8. Nonetheless, consideration of the factors listed in 18 U.S.C. § 3553(a)—particularly the nature and circumstances of the offense and the defendant's history and personal characteristics—also would lead the Court to deny relief, given the danger to the community posed by Mr. DeLeo's requested compassionate release to home confinement. Mr. DeLeo's criminal history contains numerous convictions for violent felonies, and his instant arrest involved his acquisition of identifying information of federal officials whom he had previously threatened.

## CONCLUSION

For the foregoing reasons, Mr. DeLeo's motion for compassionate release, ECF No. 546, is **DENIED WITHOUT PREJUDICE**. Should there be a material change in Mr. DeLeo's medical condition that substantially affects the adequacy of the care he receives while incarcerated at FMC Butner, counsel may seek further relief consistent with 18 U.S.C. § 3582(c)(1)(A)(i).

SO ORDERED.

Dated this 21st day of May, 2026.

/s/ Stacey D. Neumann
UNITED STATES DISTRICT JUDGE

8